**Sealed**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY_____D.C

02 NOV 15 PM 3: 56

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

Case No. 02-20912-CR-SEITZ

UNITED STATES OF AMERICA

v.

AMERICABLE INTERNATIONAL, INC.,
AMERICABLE INTERNATIONAL
    MOFFETT, INC.,
  and
AMERICABLE INTERNATIONAL
    NEW YORK, INC.,
        Defendants.
_____/

**UNDER SEAL**

## JOINT SUMMARY OF PLEA AGREEMENT
## AND APPENDED COPY OF PLEA AGREEMENT

Pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, the United States of America and the defendants Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc. (collectively referred to as "the defendants," and individually referred to by their separate corporate names) hereby submit this joint summary of the plea agreement that they have reached in this matter, along with a copy of the plea agreement, which is appended as Exhibit 1. The parties request that the Court place this submission under seal while the plea agreement is under consideration before the Court, or until further order of the Court.

The plea agreement provides for the following guilty pleas and recommended penalties that result in an aggregate of $22 million in recommended fines, forfeiture, restitution, and special assessments:

1

### 1.     Americable International, Inc.

| | |
|---|---|
| Counts of Conviction: | Counts 1 and 2 of the Information |
| Recommended Fine: | $7,468,234.92 |
| Agreed Forfeiture: | $8,075,445.08 |
| Agreed Restitution: | $5,454,720.00 |
| Special Assessment: | $800.00 |

** Plus Five-Year Term of Probation

### 2.     Americable International Moffett, Inc.

| | |
|---|---|
| Count of Conviction: | Count 1 of the Information |
| Recommended Fine: | $500,000.00 |
| Agreed Forfeiture: | n/a |
| Agreed Restitution: | n/a |
| Special Assessment: | $400.00 |

** Plus Five-Year Term of Probation

### 3.     Americable International Moffett, Inc.

| | |
|---|---|
| Count of Conviction: | Count 1 of the Information |
| Recommended Fine: | $500,000.00 |
| Agreed Forfeiture: | n/a |
| Agreed Restitution: | n/a |
| Special Assessment: | $400.00 |

** Plus Five-Year Term of Probation

Because of the length and detail of the plea agreement, the parties have submitted this summary in order to highlight the most important provisions and to explain other matters that arise out of the plea agreement. Counsel for the government has discussed the contents of this summary with counsel for the defendant, E.L. Hoffman, Esq., who has advised that he agrees to them. This summary is not intended to modify the plea agreement. Any discrepancies between this summary and the actual words of the plea agreement are not intentional, and the parties intend the plea agreement to control.

2

This summary addresses the various sections of the plea agreement in their sequential order. The title of each section in this summary matches the corresponding section in the plea agreement that it summarizes.

### A.   *Authority to Act on Behalf of Defendants and Joint Recommendation Regarding the Time of Sentencing*

William McCarthy is the individual authorized to act on the defendants' behalf in this matter. The parties believe that the plea agreement, which is the product of extensive negotiations, comprehensively addresses all matters relevant to sentencing, and accordingly the parties recommend that the Court waive the PSI and proceed directly to sentencing following entry of the guilty pleas. In view of the complexity of this matter, the parties nonetheless understand that the Court may consider it preferable to conduct the entry of the guilty pleas and sentencing in the traditional bifurcated matter.

### B.   *Offenses to Which Defendants Will Plead Guilty*

The defendants will plead guilty to the offenses with which they are charged in the Information. Thus, all defendants will plead guilty to Count 1, which charges them with conspiring to defraud the Department of Defense, in violation of 18 U.S.C. §371. Defendant Americable International, Inc., also will plead guilty to Count 2, which charges it with conspiring to launder the proceeds of mail fraud, in violation of 18 U.S.C. §1956(h). The plea agreement is a "package deal." In order to bind the government, all defendants must accept.

### C.   *Statutory Penalties Applicable to Offenses of Conviction and Applicability of Sentencing Guidelines*

The defendants will be sentenced according to the Sentencing Guidelines and cannot withdraw their guilty pleas if the Court does not follow the joint recommendations regarding the

3

application of the guidelines. The maximum penalty for Count 1 for each defendant is a $500,000 fine, plus 5 years' institutional probation and a $400 special assessment. The maximum penalty for Count 2 for Americable International, Inc., is a $16,150,890.16 fine, plus 5 years' institutional probation and a $400 special assessment.[1] Since Count 2 also contains an associated forfeiture provision, the Court also may order forfeiture of the property involved in the commission of Count 2 or property traceable to such property.

### D.    *Agreed Criminal Forfeiture*

Defendant Americable International, Inc. agrees to forfeit, pursuant to 18 U.S.C. §982(a), the sum of $8,075,445.08 as property involved in its conviction on Count 2 of the Information, or property traceable to such property. Americable International, Inc. has agreed to pay the $8,075,445.08 to the government immediately following the Court's acceptance of the guilty plea.

The government agrees that in the event that of a conviction and forfeiture judgment based upon the money laundering counts charged in the related case of United States v. Charles Hermanowski, et al., Case No. 01-0608-Cr-Ferguson, it will not seek to forfeit substitute assets as part of the forfeiture proceedings in that case from either the 3 defendants in this case or any of their 18 affiliates listed in Section K of the plea agreement. The protections of this waiver of forfeiture of substitute assets do not extend to any individuals or to any entities other than the 3 defendants in this case or their 18 listed affiliates and does not limit any other remedies available to the

---

[1] Section C of the plea agreement unintentionally omits that, pursuant to 18 U.S.C. §3571(d), the Court alternatively could fine the defendants twice the gross gain or loss resulting from the offenses of conviction, in the event that the gain or loss is greater than the otherwise applicable maximum fine. That omission is not substantive, however, because under the facts relevant to the counts of conviction, §3571(d) would not yield a greater maximum fine for either count than set forth in the text.

government against the 3 defendants in this case or their 18 listed affiliates.   The government is not bound by this waiver of forfeiture of substitute assets if any of the defendants violate the conditions of institutional probation recommended by the parties in Section H of the plea agreement.

Attached as Exhibit 2 is an unsigned copy of the motion for preliminary order of forfeiture and proposed order that the government intends to present to the Court once the Court accepts the defendant's guilty pleas and before the Court enters sentence.  Eleventh Circuit case law requires the Court to pronounce forfeiture at sentencing.  The Court may accomplish this by incorporating the preliminary order of forfeiture into the judgment.

### E.   *Agreed Restitution*

Pursuant to 18 U.S.C. §3663(a)(3), which allows the Court to order restitution to the extent agreed to by the parties, defendant Americable International, Inc., agrees to make restitution in the amount of $5,454,720.00 for the loss incurred as a result of the mail fraud scheme that forms the specified unlawful activity associated with the Count 2 money laundering conspiracy.  Appendix-B to the plea agreement lists 54 victims that suffered losses and the amounts of the individual victim losses, which collectively add up to the $5,454,720.00 in agreed restitution.   Americable International, Inc. has agreed to pay all restitution owed within 30 days following the imposition of sentence.

Since the time of the commission of the mail fraud scheme, certain of the victim networks are believed to have experienced changes in ownership structure or may have gone out of business, which has complicated the process of identifying the victims presently entitled to restitution for the earlier losses.  At this time, Americable International, Inc. has not identified all such victims. Because 18 U.S.C. §3664(d)(5) permits the Court to enter sentence and set a date for final

determination of restitution within 90 days after entry of sentence, the Court still may waive PSI and proceed directly to sentencing. The parties have recommended that the Court do so by: (1) including as part of the judgment against Americable International, Inc. a finding that obligates Americable International, Inc. to pay restitution of $5,454,720.00, and (2) pursuant to 18 U.S.C. §3664(d)(5) setting a final hearing for determination of restitution. In the event that, by the later of the imposition of sentence or the completion of a restitution hearing, it is ultimately determined that no corporate entity exists to accept a portion of the restitution associated with any of the 54 victims identified in Appendix-B, the parties agree to jointly recommend that any portion of the restitution for which the entity entitled to payment cannot be identified be committed to the Crime Victims Fund, set forth under 42 U.S.C. §10601, et seq. Defendant Americable International, Inc. agrees to pay all restitution within 30 days of imposition of sentence.

### F.   *Special Assessments*

Under 18 U.S.C. §3013(a)(2)(B), the special assessment for organization defendants is $400 per count of conviction. Accordingly, the Court should order special assessments in the following amounts:

| | |
|---|---|
| Americable International, Inc. | $800.00 |
| Americable International Moffett, Inc. | $400.00 |
| Americable International New York, Inc. | $400.00 |

### G.   *Joint Recommendation Regarding Fines*

The parties have recommended a total in fines of $8,468,234.92, payable as follows:

| | |
|---|---|
| Americable International, Inc. | $7,468,234.92 |
| Americable International Moffett, Inc. | $500,000.00 |
| Americable International New York, Inc. | $500,000.00 |

The recommended fines are based upon a series of recommended Sentencing Guideline calculations contained in Appendix-A of the plea agreement. The guideline recommendations are based upon the November 1997 Guidelines Manual, which governs this matter. Because the defendants are organizations, the recommended calculations derive from Chapter 8 of the Sentencing Guidelines. The Chapter 8 guidelines in turn incorporate the Chapter 2 guidelines associated with the counts of conviction, which are §2F1.1 for Count 1 and §2S1.1 for Count 2.

**H.      _Joint Recommendation Regarding Institutional Probation_**

The parties recommend that the Court impose five-year terms of institutional probation for each defendant. The parties also recommend that special conditions of probation include payment of the agreed $5,454,720.00 restitution within 30 days of sentencing and payment of fines up to the recommended aggregate of $8,468,234.92 within 1 day of sentencing. The parties also recommend that special conditions include a requirement that the defendants and their affiliates disassociate their operations and finances from Charles C. Hermanowski (who is a defendant in the related case of 01-0608-Cr-Ferguson). This recommended disassociation requirement contains exceptions that allow for payment of certain liabilities owed by Hermanowski to the United States and that under certain circumstances allow for payment of Hermanowski's attorneys' fees.

**I.      _Non-Binding Nature of Joint Recommendation Regarding Fines and Institutional Probation and Binding Nature of Defendants' Guilty Pleas, Regardless of Sentences Imposed by Court_**

The parties' agree that their recommendations as to fines and institutional probation are not binding upon the Court and that the defendants cannot withdraw their pleas because of the Court's failure to follow any such recommendation.

7

**J.**   *Waiver of Right to Appeal Sentence*

The defendants may not appeal any sentence unless the sentence exceeds the statutory

maximum, or the Court departs upward at sentencing.  If the government appeals a defendant's

sentence, that defendant will be released from its appellate waiver.

**K.**   *Condition Precedent to Plea Agreement*

The plea agreement is conditioned upon the government's agreement to waive further

prosecution (beyond the offenses and defendants charged in this case) of the 3 defendants and 18

identified affiliates for:

   1.      Prosecution for criminal violations of 26 U.S.C. §§7201-7217 for tax years
1993 through 1997.

   2.      Prosecution for criminal violations of 18 U.S.C. §371 by conspiring to
defraud the United States for the purpose of impeding, impairing, obstructing, and defeating
the lawful governmental functions of the Internal Revenue Service in the ascertainment,
computation, assessment, and collection of federal income taxes and federal employment
taxes for tax years 1993 through 1997.

   3.      Prosecution for criminal violations of 18 U.S.C. §§371, 1341 and/or 1343
arising out of the conduct that forms the basis of the $5,454,720.00 restitution obligations
of defendant Americable International, Inc.

   4.      Prosecution under 18 U.S.C. §§286, 287, 371, 1001, 1341 and/or 1343 for the
offense conduct that forms the basis of the guilty pleas of the three defendants to Count 1 of
the Information.

   5.       Prosecution under 18 U.S.C. §§371, 1956, and/or 1957 for the offense
conduct that forms the basis of the guilty plea of Americable International, Inc., to Count 2
of the Information.

This section of the plea agreement was entitled "Conditions Precedent to Plea Agreement,"

because at the time it was executed the waivers of prosecution were conditioned upon subsequent

approval from the Department of Justice and other United States Attorneys' Offices. Since that time,

the requisite approval has been obtained.  Attached is Exhibit 3 is a copy of a letter dated October

8

24, 2002, from the government to the defense counsel confirming that the waivers of prosecution contained in this section of the plea agreement will take effect upon the defendants' satisfaction of their obligations under the plea agreement.

The plea agreement, however, does **not** waive prosecution for any individuals and does **not** waive any civil enforcement actions against any individuals or entities.

### L.    *Waiver of Statutes of Limitations*

The defendants have waived any statute of limitations for prosecution under any federal criminal statute from June 7, 2001, through imposition of the sentences pursuant to this agreement. The waiver of the statutes of limitations applies to the 3 defendants and their 18 affiliates receiving protection under the non-prosecution provision of the plea agreement. In the event that the defendants withdraw from the plea agreement, the waivers of the statute of limitations will extend 60 days beyond the date they notify the government in writing of their intent to withdraw.

### M.    *Exrow Agreement*

By the time of the entry of their guilty pleas, the defendants will have placed in escrow the $16 million necessary to satisfy the $22 million in financial penalties recommended under the plea agreement. The defendants agree to place the remaining $6 million in escrow within 2 days before sentencing. The plea agreement contains an alternate schedule for the escrowing of the remaining $6 million if the defendants move to continue the sentencing date. If the defendants withdraw from the agreement prior to entering their guilty pleas, they must maintain at least $10 million in escrow for 10 days following their written notification of their intent to withdraw. If the defendants withdraw from the agreement after entering their guilty pleas, they must maintain all funds in escrow for 10 days following their written notification of their intent to withdraw.

**N.**     *Costs Unallowable For Government Contract Accounting Purposes*

The defendants cannot seek reimbursement under the Federal Acquisition Regulations for costs associated with the negotiation or compliance with the plea agreement or the investigation or audit that led to the negotiation and execution of the agreement.

**O.**     *Integration Clause*

The plea agreement, Appendix-A (agreed application of Sentencing Guidelines), and Appendix-B (list of restitution amounts) will constitute the entire agreement of the parties.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____

MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY
FL BAR # 972274
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9027
(305) 530-6168 (FAX)
E-Mail: Michael.Davis2@usdoj.gov

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5t day of November 2002 a true copy of the foregoing was mailed or faxed to:

E.L. Hoffman, Esq.
Jackson Kelly PLLC
2401 Pennsylvania Ave., N.W.
Suite 400
Washington, DC  20037
(Facsimile: 202/973-0232)

Neal Sonnett, Esq.
One Biscayne Tower
2 South Biscayne Blvd.
Suite 2600
Miami, FL  33131-1804
(Facsimile: 305/358-1233)

MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY

11

# Exhibit 1

## Plea Agreement



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

99 N.E. 4 Street
Miami, FL 33132
(305) 961-9027

April 5, 2002

E.L. Hoffman, Esq.
Piper, Marbury, Rudnick & Wolfe
1200 19th Street, N.W.
Washington, DC  20036-2430

Re: Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc.

Dear Mr. Hoffman:

This 18-page letter, plus the 6-page Appendix-A (captioned "Application of Sentencing Guidelines") and 3-page Appendix-B (captioned "Restitution Amounts") will constitute the plea agreement between the United States Attorney's Office for the Southern District of Florida ("this Office") and your clients, Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc. (collectively referred to as "the defendants," and individually referred to by their separate corporate names). This plea agreement supersedes all earlier writings and agreements, including the prior plea agreement between this Office and the defendants, which was dated December 7, 2001, and executed between December 7, 2001, and December 14, 2001.

**A. Authority to Act on Behalf of Defendants and Joint Recommendation Regarding the Time of Sentencing**

1. The defendants each agree that William J. McCarthy is vested with authority to act on behalf of each defendant in criminal proceedings against them and will appear on the behalf of each defendant to enter the guilty pleas and for the imposition of sentence.

2. Subject to the provisions of Section E of this agreement (entitled "Agreed Restitution"), this Office and the defendants agree to jointly recommend that pursuant to Rule 32(b)(1)(A)-(B) of the Federal Rules of Criminal Procedure the Court waive the preparation of the

Page 1
April 5, 2002

Assistant United States Attorney *AL 4/5*
Attorney for Defendants
Defendants

Pre-Sentence Investigation Report and conduct sentencing at the time of the taking of the guilty pleas set forth in this agreement.

### B.   Offenses to Which Defendants Will Plead Guilty

1.    The defendants agree to plead guilty to the following offense(s) charged by way of indictment or information:

      a.    Defendant Americable International, Inc., agrees to plead guilty to: (1) conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371, and (2) conspiring to violate 18 U.S.C. §1956(a)(1)(B)(i) by laundering the proceeds of mail fraud, in violation of 18 U.S.C. §1341, such proceeds derived from a scheme and artifice to defraud cable programming networks of subscriber fees, all in violation of 18 U.S.C. §1956(h).

      b.    Defendant Americable International Moffett, Inc., agrees to plead guilty to conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371.

      c.    Defendant Americable International New York, Inc., agrees to plead guilty to conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371.

2.    The defendants understand and agree that the obligations of this Office under this agreement are dependent upon each defendant entering their guilty plea(s) to the offense(s) identified in the previous paragraph.

### C.   Statutory Penalties Applicable to Offenses of Conviction and Applicability of Sentencing Guidelines

1.    The defendants are aware that their sentences will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "U.S.S.G."), and that the applicable guidelines will be determined by the Court. The defendants further are aware that if the Court does not follow the parties' joint recommendation regarding the timing of sentencing contained in Section A of this agreement (entitled "Authority to Act on Behalf of Defendants and Joint Recommendation Regarding the Time of Sentencing"), following the entry of the guilty pleas the Court will order a Pre-Sentence Investigation, the results of which investigation the Court may rely upon in determining the applicable guidelines. The defendants are also aware that, under certain circumstances, the Court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guideline range. Knowing these facts, the defendants understand and acknowledge that the Court has the authority

to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in Section B of this agreement (entitled "Offenses to Which Defendants Will Plead Guilty") and that no defendant may withdraw its plea(s) solely as a result of the sentence imposed.

2. The defendants understand and acknowledge that with respect to their convictions for violating 18 U.S.C. §371, as set forth in Section B of this agreement (entitled "Offenses to Which Defendants Will Plead Guilty"), pursuant to 18 U.S.C. §3571(c)(3) the Court may impose a statutory maximum fine of up to $500,000 per defendant, and a 5-year term of probation for each defendant.

3. Defendant Americable International, Inc., understands and acknowledges that 18 U.S.C. §1956(h) incorporates the penalty provisions of 18 U.S.C. §1956(a)(1)(B)(i). Defendant Americable International, Inc., understands and acknowledges that §1956(h) and §1956(a)(1)(b)(i) provide for a maximum fine per count of the greater of $500,000 or twice the value of the property involved in the offense, whichever is greater. Defendant Americable International, Inc., further understands and acknowledges that with respect to its conviction for violating 18 U.S.C. §1956(h) in Section B of this agreement (entitled "Offenses to Which Defendants Will Plead Guilty"), the value of property involved in the offense equals $8,075,445.08 and thus that pursuant to 18 U.S.C. §3571(c)(1) and 18 U.S.C. §1956(a)(1)(b)(i) & (h), the Court may impose a statutory fine of up to $16,150,890.16, as well as a 5-year term of probation.

4. Defendant Americable International, Inc., further understands and acknowledges that, as a result of its guilty plea to violating 18 U.S.C. §1956(h) by conspiring to launder the proceeds of mail fraud, 18 U.S.C. §982 allows for criminal forfeiture of property involved in the violation of §1956(h) or property traceable to such property.

5. The defendants further understand and acknowledge that, in addition to any sentences imposed based upon their guilty pleas under this agreement, pursuant to 18 U.S.C. §3013(a)(2)(B) a special assessment in the amount of $400 per count will be imposed on each defendant. The special assessments due as a result of this agreement are set forth in Section F of this agreement (entitled "Special Assessments").

6. The defendants further understand and agree that this Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process and the application of the Sentencing Guidelines, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendants and the defendants' backgrounds. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office and the defendants both further reserve the right to make any recommendation as to the quality and quantity of punishment.

Page 3
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

**D.    Agreed Criminal Forfeiture**

1.    Pursuant to 18 U.S.C. §982, Americable International, Inc., agrees to forfeit to the United States the sum of $8,075,445.08 as property involved in its conviction for violating 18 U.S.C. §1956(h) by conspiring to launder the proceeds of mail fraud (as set forth in Section B of this agreement, entitled "Offenses to Which Defendants Will Plead Guilty"), or property traceable to such property.

2.    Americable International, Inc., further agrees to pay to the United States the sum subject to the agreed forfeiture – that is, $8,075,445.08 – immediately upon the Court's acceptance of its guilty pleas pursuant to this agreement. (Prior to the hearing at which the defendants enter their guilty pleas pursuant to this agreement, this Office will advise counsel for Americable International, Inc., of the location where it should tender the $8,075,445.08 and the form of payment through which it should tender it.)

3.    The United States agrees that following any conviction and forfeiture judgment in United States v. Charles Hermanowski, et al., Case No. 01-0608-Cr-Ferguson, it will not seek forfeiture under the substitute assets provisions of 21 U.S.C. §853(p), as incorporated by reference by 18 U.S.C. §982(b), from the defendants named in this agreement and the corporations and organizations listed in Section K of this agreement (entitled "Condition Precedent to Plea Agreement") for forfeiture based upon the offense conduct charged in Counts 39-65 in the superseding indictment returned on February 12, 2002, in United States v. Charles Hermanowski, et al., Case No. 01-0608-Cr-Ferguson(s).  The defendants, however, understand and agree that:

a.    This agreement does not waive the rights of the United States to seek forfeiture of substitute assets in any proceeding, including but not limited to United States v. Charles Hermanowski, et al., Case No. 01-0608-Cr-Ferguson(s), from: (1) Charles C. Hermanowski; (2) Joan Hermanowski; (3) any family member, relative, friend, or business associate of Charles C. Hermanowski or Joan Hermanowski; (4) any past or present employee of the defendants; (5) any past or present employee of any other corporation or organization listed in this Section of the agreement; (6) any past or present employee of any other corporations or organizations owned or controlled by Charles C. Hermanowski or Joan Hermanowski; or (7) any corporations or organizations not listed in Section K of this agreement.

b.    Nothing in this Section or otherwise in this agreement purports to waive any remedy available to the United States (including assessment and collection of fines, restitution, unpaid taxes, or interest or penalties on unpaid taxes) against the defendants, corporations, or organizations identified in this Section (or Section K of this agreement), other than the forfeiture of substitute assets for the offense conduct charged in Counts 39-65 of the superseding indictment returned of February 12, 2002, in United States v. Charles Hermanowski, et al., Case No. 01-0608-Cr-Ferguson(s).  In this regard, the defendants further understand and agree that this

Page 4
April 5, 2002

Assistant United States Attorney  _mcL 4/5_
Attorney for Defendants  _ᴢᴡᴡ ꝑ₤_
Defendants  _ᴀᴜᴊ ᴏᴇ_

agreement does not waive any remedy available to the United States (including forfeiture or assessment and collection of fines, restitution, unpaid taxes, or interest or penalties on unpaid taxes) in any civil or administrative proceeding, or in any criminal proceeding other than <u>United States</u> v. <u>Charles Hermanowski, et al.</u>, Case No. 01-0608-Cr-Ferguson(s). The defendants additionally understand and agree that nothing in this agreement precludes any remedy available to the United States pursuant to Title 26 of the United States Code.

      c.     The United States will not be bound by any waiver of forfeiture of substitute assets pursuant to this agreement, if there is any violation of the conditions of probation set forth in Section H of this agreement (entitled "Joint Recommendation Regarding Institutional Probation").

## E.    <u>Agreed Restitution</u>

      1.     Americable International, Inc., agrees that the mail fraud that constitutes the specified unlawful activity associated with its guilty plea to violating 18 U.S.C. §1956(h) by conspiring to launder the proceeds of mail fraud (as set forth in Section B of this agreement, entitled "Offenses to Which Defendants Will Plead Guilty") arises out of a scheme and artifice to defraud dating from approximately 1992 through September 1998 by underpaying networks for cable programming supplied to Americable International, Inc., and other cable television companies owned by Charles C. Hermanowski and Joan Hermanowski. Americable International, Inc., agrees that the scheme and artifice to defraud resulted in a total loss of $5,454,720.00 to various cable programming networks.

      2.     Pursuant to 18 U.S.C. §3663(a)(3), Americable International, Inc., agrees to make restitution in the amount of $5,454,720.00 for the loss incurred as a result of the scheme and artifice to defraud described in the previous paragraph. Americable International, Inc., agrees to pay restitution to the victims in the amount set forth in Appendix-B (captioned "Restitution Amounts").

      3.     Defendant Americable International, Inc., further agrees to make its best efforts to determine whether the victims identified in the 3-page Appendix-B (captioned "Restitution Amounts") currently retain the ownership rights to the amounts of which they were defrauded as set forth in Appendix-B, or whether since the time during which the fraud occurred the ownership rights to those funds have been transferred to any successor companies. To the extent that an amount or portion of an amount set forth on the list in Appendix-B does not reflect the company to whom the particular loss amount is now owed, defendant Americable International, Inc., agrees to file with the Court a submission that identifies the company to whom such loss amount is now owed.

      4.     In the event that by the time of the hearing at which the defendants enter their guilty pleas pursuant to this agreement defendant Americable International, Inc., has not identified all companies to whom the loss amounts set forth in the 3-page Appendix-B (captioned "Restitution Amounts") are now owed, the parties agree to jointly recommend as follows:

Page 5
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

a. That, pursuant to Rule 32(b)(1)(A)-(B) of the Federal Rules of Criminal Procedure, the Court waive the preparation of the Pre-Sentence Investigation Report and conduct sentencing at the time of the taking of the guilty pleas set forth in this agreement;

b. That, pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, the Court include as part of the judgment against Americable International, Inc., a finding that obligates Americable International, Inc., to pay restitution in the amount of $5,454,720.00, such amount payable by cashier's check or bank check to the United States District Court for the Southern District of Florida; and

c. That, pursuant to 18 U.S.C. §3664(d)(5), the court set a date for a final restitution hearing, not to exceed 90 days after sentencing, for determination of the apportionment of the $5,454,720.00 restitution sum to victims and/or successor companies to whom restitution is owed and the individual amounts that each victim and/or successor company is owed.

5. In the event that, by the later of the imposition of sentence or the completion of a restitution hearing, it is ultimately determined that no corporate entity exists to accept restitution, this Office and defendant Americable International, Inc., agree to jointly recommend that such amount for which no company exists to accept it be committed to the Crime Victims Fund, set forth under 42 U.S.C. §10601, et seq.

6. Americable International, Inc., agrees to pay all restitution owed within 30 days following the imposition of sentence. Americable International, Inc., further agrees to maintain all documents relevant to its payment of restitution pursuant to this Section of the agreement, and to make such available for inspection by the Court, the Probation Office, this Office, and federal law enforcement officers assisting this Office.

## F.    Special Assessments

1. Pursuant to 18 U.S.C. §3013(a)(2)(B), the defendants agree to payment of special assessments in the following amounts: (a) $800 as to defendant Americable International, Inc.; (b) $400 as to defendant Americable International Moffett, Inc.; and (c) $400 as to defendant Americable International New York, Inc. The defendants agree that any special assessments imposed shall be paid prior to the time of sentencing.

Page 6
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

## G.    **Joint Recommendation Regarding Fines**

1.    This Office and the defendants agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court sentence the defendants as follows, with respect to fines.

      a.    This Office and the defendants agree to jointly recommend that the fines be imposed as follows: (1) $7,468,234.92 as to Americable International, Inc., (2) $500,000 as to Americable International Moffett, Inc., and (3) $500,000 as to Americable International New York, Inc.

      b.    It is the intent of this plea agreement and the joint recommendation of the parties that the aggregate of the fines imposed upon the defendants total $8,468,234.92, apportioned among the defendants as set forth above, and without any offset of the amount of the fine owed by any individual defendant.

2.    The recommended fines set forth in this Section of the agreement result from the 6-page Appendix-A to this agreement, which is captioned "Application of Sentencing Guidelines." This Office and the defendants hereby incorporate Appendix-A and make it part of this agreement.


## H.    **Joint Recommendation Regarding Institutional Probation**

1.    This Office and the defendants agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court sentence the defendants as follows, with respect to institutional probation.

2.    This Office and the defendants agree to recommend that the Court, pursuant to U.S.S.G. §§8D1.1 and 8D1.2, impose a term of organizational probation of 5 years, as to each defendant.

3.    This Office and the defendants further agree to recommend, pursuant to U.S.S.G. §8D1.3, that the terms of institutional probation include the condition that the defendants not commit any federal, state or local crime during the terms of probation and also include the following special conditions, relating to the defendants' payments of restitution obligations and fines incurred as a result of their convictions pursuant to this plea agreement:

      a.    Within 30 days following the imposition of sentence, Americable International, Inc., shall satisfy the payment of all restitution owed pursuant to Section E of this agreement (entitled "Agreed Restitution").

      b.    Within 1 business day following the imposition of sentence, all defendants shall pay all fines imposed against them, up to the $8,468,234.92 total

Assistant United States Attorney
Attorney for Defendants
Defendants

amount jointly recommended by this Office and the defendants in Section G of this agreement (entitled "Joint Recommendation Regarding Fines"). The defendants shall pay any amount of fines in excess of $8,468,234.92 according to the payment schedule set by the Court.

4.   The defendants understand and acknowledge that, in accord with the provisions of 18 U.S.C. §3553(a)(2)(A)-(C), the sentence imposed by the Court should be sufficient to reflect the seriousness of the offenses of conviction, promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from future crimes of the defendant. To accomplish these objectives, the defendants understand and acknowledge that during the terms of institutional probation they should be required to disassociate from Charles C. Hermanowski. Accordingly, this Office and the defendants agree to jointly recommend, pursuant to U.S.S.G. §8D1.3, that the terms of institutional probation include the following special conditions, relating to the defendants' association with Charles C. Hermanowski:

   a.   During the terms of probation, the defendants or any parent, subsidiary, or affiliated corporations or entities shall not be permitted to directly or indirectly employ in any capacity (regardless whether as an employee, officer, director, independent contractor, or any other capacity), transact any business with, or engage in any commercial relationship with Charles C. Hermanowski.

   b.   During the terms of probation, the defendants or any parent, subsidiary, or affiliated corporations or entities will not be permitted to directly or indirectly transfer any funds or property (regardless whether such funds or property derive from dividends, salary, proceeds from a sale of corporate stock or assets, or any other transaction) to Charles C. Hermanowski, with the exception that the defendants and such corporations or entities.

   i.   may pay funds to the United States in order to satisfy any administrative, civil, or criminal financial liabilities owed by Charles C. Hermanowski to the United States, such as fines, forfeitures, restitution, unpaid taxes, or interest or penalties on unpaid taxes; and  *Articles of Incorporation or* [handwritten] *JKHP wjrk md*

   ii.   may pay attorneys' fees of Charles C. Hermanowski, but only to the extent that the laws of their State(s) of incorporation or their corporate by-laws require payment of the attorneys' fees of Charles C. Hermanowski.

5.   The defendants understand and agree that this agreement does not preclude this Office from supporting additional conditions of institutional probation raised by either the Probation Office or the Court. This Office conversely understands and agrees that this agreement does not preclude

Page 8
April 5, 2002

Assistant United States Attorney  *[signature]*
Attorney for Defendants  *[signature]*
Defendants  *[signature]*

the defendants from opposing the imposition of additional conditions of institutional probation not otherwise addressed in this agreement.

### I.   Non-Binding Nature of Joint Recommendation Regarding Fines and Institutional Probation and Binding Nature of Defendants' Guilty Pleas, Regardless of Sentences Imposed by Court

1.    The defendants recognize that the joint recommendations as to fines and institutional probation set forth in Sections G and H of this agreement (entitled respectively "Joint Recommendation Regarding Fines" and "Joint Recommendation Regarding Institutional Probation") rely in part upon the application of the Sentencing Guidelines set forth in Appendix-A to this agreement (captioned "Application of Sentencing Guidelines"). The defendants further recognize that the application of the Sentencing Guidelines set forth in Appendix-A to this agreement are not binding upon the Court and that, insofar as the Court does not follow the application of the Sentencing Guidelines set forth in Appendix-A to this agreement, the Court may impose a sentence or sentences more severe from that jointly recommended by the parties.

2.    The defendants understand and agree that if the Court does not follow one or more of the recommendations regarding the application of the Sentencing Guidelines set forth in this plea agreement and Appendix-A and imposes a sentence or sentences other than those recommended by the parties, no defendant may withdraw its plea(s) as a result of the sentence imposed.

3.    The defendants are aware that their sentences have not yet been determined by the Court. The defendants also are aware that any estimate of the probable sentencing ranges or sentences that the defendants may receive, whether that estimate comes from the defendants' attorney(s), this Office, or the Probation Office, is a prediction, not a promise, and is not binding on this Office, the Probation Office or the Court. The defendants understand further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendants understand and acknowledge, as previously acknowledged in Section C of this agreement (entitled "Statutory Penalties Applicable to Offenses of Conviction and Applicability of Sentencing Guidelines"), that no defendant may withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by a defendant, this Office, or a recommendation made jointly by both the defendant(s) and the government.

### J.   Waiver of Right to Appeal Sentence

1.    The defendants are aware that 18 U.S.C. §3742 affords the defendants the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the defendants hereby waive all rights conferred by 18 U.S.C. §3742 to appeal any sentence imposed, including any restitution order, or to appeal the

Page 9
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing.

2.     The defendants further understand that nothing in this agreement shall affect this Office's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, if this Office appeals a defendant's sentence pursuant to §3742(b), then that defendant (and that defendant only) shall be released from the above waiver of appellate rights. The defendants understand that, although the defendants will be sentenced in conformity with the Sentencing Guidelines, by this agreement the defendants waive the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentence Guidelines.

### K.     Condition Precedent to Plea Agreement

1.     This plea agreement does not take effect unless and until the United States agrees to waive criminal prosecution of:

- defendant Americable International, Inc.,
- defendant Americable International Moffett, Inc.,
- defendant Americable International New York, Inc.,

as well as of:

- Americable, Inc.,
- Americable International Arizona, Inc.,
- Americable International Colorado, Inc.,
- Americable International Florida, Inc.,
- Americable International Japan, Inc.,
- Americable International Maine, Inc.,
- Americable International Massachusetts, Inc.,
- Americable International Michigan, Inc.,
- Americable International Roosevelt Roads, Inc.,
- Americable International San Diego, Inc.,
- Americable International Vandenberg, Inc.,
- Americable International Vint Hill, Inc.,
- Cable Satellite of South Miami, Inc.,
- Michigan and Indiana Cable Associates,
- Washington Cable TV, Inc.,
- Cutler Ridge Properties, Inc.,
- Land and Property Management Corp. and
- International Cable Consultants, Inc.

Page 10
April 5, 2002

Assistant United States Attorney *ad 4/5*
Attorney for Defendants
Defendants

for the following offenses:

a.     Prosecution for criminal violations of 26 U.S.C. §§7201-7217 for tax
       years 1993 through 1997.

b.     Prosecution for criminal violations of 18 U.S.C. §371 by conspiring
       to defraud the United States for the purpose of impeding, impairing,
       obstructing, and defeating the lawful governmental functions of the
       Internal Revenue Service of the Department of the Treasury of the
       United States in the ascertainment, computation, assessment, and
       collection of the revenue, that is, federal income taxes and federal
       employment taxes, for tax years 1993 through 1997.

c.     Prosecution for criminal violations of 18 U.S.C. §§371, 1341 and/or
       1343 arising out the conduct that forms the basis of the restitution
       obligations of defendant Americable International, Inc., in the amount
       of $5,454,720.00 to various cable programming networks under
       Section E of this agreement (entitled "Agreed Restitution"). Such
       conduct consists of the scheme and artifice to defraud cable
       programming networks dating from approximately 1992 through
       September 1998 by underpaying the networks for cable programming
       supplied to Americable International, Inc., and other cable television
       companies owned by Charles C. Hermanowski and Joan
       Hermanowski.

d.     Except for the guilty pleas in this case for conspiring to defraud the
       Department of Defense by filing false termination settlement
       proposals, in violation of 18 U.S.C. §371, by defendant Americable
       International, Inc., defendant Americable International New York,
       Inc., and defendant Americable International Moffett, Inc., pursuant
       to Section B of this agreement (entitled "Offenses to Which
       Defendants Will Plead Guilty"), criminal prosecution under 18
       U.S.C. §§286, 287, 371, 1001, 1341 and/or 1343 for the offense
       conduct that forms the basis of those guilty pleas. Such offense
       conduct consists of criminal violations associated with the submission
       to the Department of Defense of false termination settlement
       proposals executed on June 10, 1997, on behalf of defendants
       Americable International, Inc., Americable International New York,
       Inc., Americable International Moffett, Inc., and other corporations
       and organizations listed in paragraph 1 of this Section.

e.     Except for the guilty plea in this case for conspiring to launder the
       proceeds of mail fraud, in violation of 18 U.S.C. §1956(h), by

Page 11                                 Assistant United States Attorney *nd 4/5*
April 5, 2002                           Attorney for Defendants
                                        Defendants

defendant Americable International, Inc., as set forth in Section B of this agreement (entitled "Offenses to Which Defendants Will Plead Guilty"), criminal prosecution under 18 U.S.C. §§371, 1956, and/or 1957 for the offense conduct that forms the basis of that guilty plea. Such offense conduct consists of criminal violations associated with the laundering of the $8,075,445.08 in proceeds of the scheme and artifice to defraud cable programming networks dating from approximately 1992 through September 1998 by underpaying the networks for cable programming supplied to Americable International, Inc., and other corporations and organizations listed in paragraph 1 of this Section.

2.     The defendants understand and acknowledge that this Office is not empowered to independently waive prosecution by the United States of the defendants or other corporations or organizations listed in the previous paragraph, and that such prosecutions will not be waived without the approval of the United States Department of Justice and other United States Attorneys' Offices within the Department of Justice. The defendants further acknowledge that this Office has not yet obtained such approval for the waivers of prosecution described in the previous paragraph.

3.     This plea agreement becomes binding upon the defendants once this Office provides written notice to the defendants that the United States has agreed to waive prosecution of the corporations and organizations listed in paragraph 1 of this Section for the five categories of offenses listed in paragraph 1 of this Section.

4.     The defendants understand and agree that any waivers of criminal prosecution pursuant to this agreement will be limited to those corporations and organizations expressly identified in writing within this agreement and for those offenses expressly identified in writing in this agreement.

5.     The defendants further understand and agree that this agreement does not and will not operate to waive criminal prosecution of any individuals – including but not limited to: (a) Charles C. Hermanowski; (b) Joan Hermanowski; (c) any past or present employee of the defendants; (d) any past or present employee of any other corporation or organization listed in this Section of the agreement; or (e) any past or present employee of any other corporations or organizations owned or controlled by Charles C. Hermanowski or Joan Hermanowski – regardless whether such prosecution is conducted by this Office, the United States Department of Justice, or any other United States Attorney's Office within the Department of Justice.

6.     The defendants further understand and agree that this agreement does not and will not operate:

Page 12
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

a.    to waive or bar, any civil or administrative proceedings, including any proceedings under Title 26 of the United States Code, taken against the defendants; any other corporations or organizations; or any individuals; or

b.    to create any defenses in any such civil or administrative proceedings, including any proceedings under Title 26 of the United States Code, that may be asserted by the defendants; any other corporations or organizations; or any individuals.

7.    In Sections G and H of this agreement (entitled "Joint Recommendation Regarding Fines" and "Joint Recommendation Regarding Institutional Probation") the defendants have agreed to recommend a total payment of fines of $8,468,234.92. The defendants understand and acknowledge that the Court's ability to impose fines in this amount pursuant to the Sentencing Guidelines requires it to find that the total statutory maximum fines payable by the defendants based upon the offenses of conviction pursuant to this agreement equal at least $8,468,234.92. Section C of this agreement (entitled "Statutory Penalties Applicable to Offenses of Conviction and Applicability of Sentencing Guidelines") sets forth the joint understandings of this Office and the defendants that the statutory maximum fines payable by the defendants based upon the offenses of conviction pursuant to this agreement to be as follows: (a) defendant Americable International, Inc.: $16,650,890.16 (the sum of $500,000 and $16,150,890.16 for the two offenses of conviction); (b) Americable International Moffett, Inc.: $500,000; and (c) Americable International New York, Inc.: $500,000. The defendants agree that if the Court were to find that the statutory maximum fines payable based upon the offenses of conviction subject to this agreement are less than the $8,468,234.92 in fines jointly recommended by the parties and thus are not sufficient to allow for imposition of the $8,468,234.92 amount, defendant Americable International, Inc., will agree to forfeit to the United States pursuant to 18 U.S.C. §982, as property involved in its conviction for violating 18 U.S.C. §1956(h) as set forth in Section B of this agreement (entitled "Offenses to Which Defendants Will Plead Guilty"), or property traceable to such property, the difference between $8,468,234.92 and the aggregate statutory maximum fines payable by the defendants found by the Court.

### L.    Waiver of Statutes of Limitations

1.    The defendants agree to waive any statute of limitations for any and all criminal offenses prosecutable by this Office, the United States Department of Justice, or any other United States Attorney's Office from June 7, 2001, through imposition of the sentences pursuant to this agreement. If the defendants withdraw from this agreement before entering their respective guilty pleas, their waiver of statutes of limitations will continue for another 60 days after the date that they notify this Office in writing of their intent to withdraw from the agreement. If the defendants withdraw from this agreement after entering their respective guilty pleas, their waiver of statutes of limitations will continue for another 60 days after the date that the Court enters an Order permitting the defendants to so withdraw. The defendants further agree that such waivers of statutes of

Page 13
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

limitations apply to themselves and the corporations and entities for whom they are seeking the limited non-prosecution agreements identified in Section K of this agreement (entitled "Condition Precedent to Plea Agreement") – that is:

- defendant Americable International, Inc.,
- defendant Americable International Moffett, Inc.,
- defendant Americable International New York, Inc.,

as well as of:

- Americable, Inc.,
- Americable International Arizona, Inc.,
- Americable International Colorado, Inc.,
- Americable International Florida, Inc.,
- Americable International Japan, Inc.,
- Americable International Maine, Inc.,
- Americable International Massachusetts, Inc.,
- Americable International Michigan, Inc.,
- Americable International Roosevelt Roads, Inc.,
- Americable International San Diego, Inc.,
- Americable International Vandenberg, Inc.,
- Americable International Vint Hill, Inc.,
- Cable Satellite of South Miami, Inc.,
- Michigan and Indiana Cable Associates,
- Washington Cable TV, Inc.,
- Cutler Ridge Properties, Inc.,
- Land and Property Management Corp. and
- International Cable Consultants, Inc.

2.     The defendants agree that they are authorized to make such a waiver on behalf of the corporations and entities identified in the previous sentence.

3.     To be effective, written notification by the defendants of their intent to withdraw from this agreement must be made both by certified mail and facsimile to Assistant United States Attorney Michael S. Davis, Office of the United States Attorney for the Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132 (facsimile: 305-536-5321). The 60-day period addressed in the first paragraph of this section does not start to run until both certified mail and facsimile copies are received at the address and facsimile numbers identified in the previous sentence.

Page 14
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

**M.**   <u>Escrow Agreement</u>

1.    The defendants agree to place in an escrow account all funds that they have agreed to pay pursuant to this agreement – that is, $22,000,000, such amount constituting the sum of all forfeitures, restitution, fines, and special assessments subject to this agreement. The defendants further agree that all funds shall be placed in escrow pursuant to the following schedule: (a) $10,000,000 immediately upon their execution of this agreement; (b) $6,000,000 within the earlier of 5 business days after the filing of the indictment or information or 2 business days prior to the entry of the guilty pleas pursuant to this agreement; and (c) the remaining $6,000,000 within 2 business days before sentencing, or if the defendants move to continue the date of sentencing the earlier of 2 business days prior to sentencing or 70 days (including weekends and holidays) after the entry of the guilty pleas pursuant to this agreement. Provided, however, if the Court agrees to combine the plea and sentencing hearings pursuant to the joint recommendation of the parties in Section A of this agreement (entitled "Authority to Act on Behalf of Defendants and Joint Recommendation Regarding the Time of Sentencing"), the full amount of all forfeitures, restitution, fines, and special assessments subject to this agreement shall be placed in escrow at least 2 business days prior to sentencing. The defendants' obligations under this Section of the agreement become effective once they execute the agreement and without regard to whether this Office has obtained the limited non-prosecution agreements identified in Section K of this agreement (entitled "Condition Precedent to Plea Agreement").

2.    The defendants agree that the escrow account shall be maintained by Neal R. Sonnett, Esq., who shall be the sole individual with authority to withdraw from, write checks against, or otherwise compromise the funds in the escrow account.

3.    Immediately upon their execution of this agreement, the defendants agree to send written confirmation of the bank and account number for the account in which the funds are being held both by certified mail and facsimile to Assistant United States Attorney Michael S. Davis, Office of the United States Attorney for the Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132 (facsimile: 305-536-5321).

4.    The defendants agree not to withdraw, transfer, or otherwise dispose of the funds placed in escrow pursuant to this agreement. The defendants agree that their obligations to maintain all funds within the escrow account shall remain in effect until all forfeitures, restitution, fines, and special assessments held in escrow are paid out in accord with this agreement. In the event that the defendants withdraw from this agreement prior to entering their guilty pleas, the defendants further agree to continue to maintain $10,000,000 in the escrow account until 10 business days after the defendants provide written notification of their intent to withdraw this agreement. To be effective, such notification must be made both by certified mail and facsimile to Assistant United States Attorney Michael S. Davis, Office of the United States Attorney for the Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132 (facsimile: 305-536-5321). Such written notification will not be effective until both certified mail and facsimile copies are received at the address and facsimile numbers identified in the previous sentence. In the event that the defendants withdraw from this agreement after entering their guilty pleas, the defendants further agree to continue to maintain all

Page 15
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

funds in the escrow account until 10 business days after the Court enters an order permitting the defendants to withdraw their guilty pleas.

5.     In the event that the defendants provide written notification of their decision to withdraw from this agreement after this Office has provided written notice to the defendants that it is unable to satisfy the condition precedent contained in Section K of this agreement (entitled "Condition Precedent to Plea Agreement"), the defendants will be permitted to withdraw all funds within the escrow account described in this Section, notwithstanding the provisions of the previous paragraph of this Section. To be effective, such notification must be made both by certified mail and facsimile to Assistant United States Attorney Michael S. Davis, Office of the United States Attorney for the Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132 (facsimile: 305-536-5321).

## N.     Costs Unallowable For Government Contract Accounting Purposes

1.     It is agreed that all costs (as defined in the Federal Acquisition Regulations ("FAR") 31.205-47) incurred by or on behalf of the defendants; any parent, subsidiary, or affiliated corporations or entities; or any officers, directors, agents, or employees of the defendants or any parent, subsidiary, or affiliated corporations or entities in connection with:

a.     the matters covered by this agreement;

b.     the government's audit and investigation of the matters covered by this agreement;

c.     the investigation, defense of the matters, and corrective actions of the defendants; any parent, subsidiary, or affiliated corporations or entities; or any of their officers, directors, agents, or employees;

d.     the negotiation of this agreement; or

e.     the payment made to the United States pursuant to this agreement

shall be unallowable costs for government contract accounting purposes. These amounts shall be separately accounted for by the defendants; their parent, subsidiary, or affiliated corporations or entities; and their officers, directors, agents, or employees.

## O.     Integration Clause

1.     This 18-page agreement, plus incorporated 6-page Appendix-A (captioned "Application of Sentencing Guidelines") and 3-page Appendix-B (captioned "Restitution Amounts") constitute the entire agreement and understanding between this Office and the defendants. This plea agreement supersedes all earlier writings and agreements, including the prior

Page 16                                      Assistant United States Attorney
April 5, 2002                                Attorney for Defendants
                                             Defendants

plea agreement between this Office and the defendants, which was dated December 7, 2001, and executed between December 7, 2001, and December 14, 2001. There are no other agreements, promises, representations or understandings.

Sincerely,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _Michael Davis_____

MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY

## ACKNOWLEDGMENTS

I, E.L. Hoffman, am the attorney for Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc. I have explained the terms of the 18-page letter agreement (which incorporates the 6-page Appendix-A captioned "Application of Sentencing Guidelines" and 3-page Appendix-B captioned "Restitution Amounts") to William J. McCarthy, in his capacity as the representative acting on behalf of these corporations in the criminal proceedings referenced in this agreement. I am satisfied that Mr. McCarthy understands the terms and agrees to them and accordingly that the corporations' assent to this agreement is made knowingly and voluntarily.

_E.L. Hoffman_____                         Date: _4/11/02_____

E.L. HOFFMAN, ESQ.
Attorney for Americable International, Inc.,
Americable International Moffett, Inc., and
Americable International New York, Inc.

_Neal R. Sonnett_____                        Date: _5/6/02_____

NEAL R. SONNETT, ESQ.
Co-Counsel for Americable International, Inc.,
Americable International Moffett, Inc., and
Americable International New York, Inc.

I, William J. McCarthy, am vested with authority to act on behalf of Americable International, Inc., Americable International Moffett, Inc., and Americable International New York,

Page 17
April 5, 2002

Assistant United States Attorney _M 4/5_
Attorney for Defendants
Defendants

Inc., in criminal proceedings against them and have discussed this 18-page letter agreement (which incorporates the 6-page Appendix-A captioned "Application of Sentencing Guidelines" and 3-page Appendix-B captioned "Restitution Amounts") with E.L. Hoffman and Neal R. Sonnett, attorneys for the corporations.  I acknowledge that the letter agreement (and incorporated Appendix-A and Appendix-B) fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida.  I further agree that Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc., and I are entering into this agreement knowingly and voluntarily.


_____          Date: 5-6-02
WILLIAM J. MCCARTHY


This document was subscribed and sworn to before me
on this __6__ day of __may_____, 2002, by
William J. McCarthy who:

     a.    Identified himself by displaying the
following form of identification: __Arizona__
__D.L.__.

     b.  ~~Is personally known to me.~~

_____
NOTARY PUBLIC

CHERYL B. WELTY
MY COMMISSION # CC 919543
EXPIRES: Apr 23, 2004
1-800-3-NOTARY   FL Notary Service & Bonding, Inc.


Page 18
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

**Appendix-A to Plea Agreement
of Americable International, Inc.,
Americable International Moffett, Inc.
and Americable International New York, Inc.**

**Application of Sentencing Guidelines**

This 6-page Appendix-A to the plea agreement between the Office of the United States Attorney for the Southern District of Florida ("this Office") and Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc. (collectively referred to as "the defendants," and individually referred to by their separate corporate names), contains the application of the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "U.S.S.G."), to the guilty pleas to the offenses set forth in plea agreement letter dated April 5, 2002.

The defendants understand and agree that the below recommendations are not binding on the Probation Office or the Court. The defendants further understand and agree that in the event that the Court or the Probation Office does not follow one or more of the below recommendations, no defendant may withdraw its plea(s) as a result of the sentence imposed.

This Office and the defendants agree that November 1, 1997, Guidelines Manual governs the sentencing in this matter.

**I.   Application of Sentencing Guidelines to Convictions
of Americable International, Inc.**

Pursuant to the plea agreement, defendant Americable International, Inc., has agreed to plead guilty to: (1) conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371, and (2) conspiring to violate 18 U.S.C. §1956(a)(1)(B)(i) by laundering the proceeds of mail fraud, in violation of 18 U.S.C. §1341, such proceeds derived from a scheme and artifice to defraud cable programming networks of subscriber fees, all in violation of 18 U.S.C. §1956(h).

Americable International, Inc., and this Office agree that pursuant to Chapter 8 of the Sentencing Guidelines, the calculation of the fine range is a function of the following five sets of determinations:

  a.    the offense level and base fine for the conviction for conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371;

Appendix A, Page 1                              Assistant United States Attorney _ad_ 4/5
April 5, 2002                                    Attorney for Defendants
                                                Defendants

b.   the offense level and base fine for the conspiring to violate 18 U.S.C. §1956(a)(1)(B)(i) by laundering the proceeds of mail fraud, in violation of 18 U.S.C. §1341, such proceeds derived from a scheme and artifice to defraud cable programming networks of subscriber fees, all in violation of 18 U.S.C. §1956(h);

c.   the provisions of Chapter 3, Part D, of the Sentencing Guidelines, relating to multiple counts of conviction;

d.   the culpability score and multiplier under U.S.S.G. §§8C2.5 and 8C2.6; and

e.   the selection of a fine within the applicable guideline range under U.S.S.G. §§8C2.7 and 8C2.8.

This Office and defendant Americable International, Inc. jointly recommend that the Court find as follows with respect to these determinations.

### A.   _Offense Level and Base Fine for Conviction for Violating 18 U.S.C. §371 By Conspiring to Defraud the Department of Defense_

1.   Pursuant to U.S.S.G. §§8C2.1 and 8C2.3, U.S.S.G. §2F1.1 is the offense guideline applicable to Americable International, Inc.'s conviction for violating 18 U.S.C. §371, through conspiring to defraud the Department of Defense.

2.   The intended loss for purposes of U.S.S.G. §2F1.1(b)(1) (and application note 9), and for which the defendant is accountable, is more than $2.5 million and less than $5 million.

3.   The offense conduct of Americable International, Inc., involved more than minimal planning for purposes of U.S.S.G. §2F1.1(b)(2).

4.   No other specific offense characteristics pursuant to U.S.S.G. §2F1.1 are applicable to the offense conduct of Americable International, Inc. (although such specific offense characteristics may be applicable to the conduct of others who participated in the offense).

5.   The offense level for this offense of conviction is a level 21.

6.   The base fine under U.S.S.G. §8C2.4(d) for offense level 21 is $910,000.

Appendix A, Page 2
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

**B.** **_Offense Level and Base Fine for Conviction for Violating 18 U.S.C. §1956(h) By Conspiring to Launder the Proceeds of Mail Fraud_**

1.      Pursuant to U.S.S.G. §§8C2.1 and 8C2.3, U.S.S.G. §2S1.1 is the offense guideline applicable to Americable International, Inc.'s conviction for violating 18 U.S.C. §1956(h), through conspiring to launder the proceeds of mail fraud.

2.      Section 8C2.4(b) of the Sentencing Guidelines incorporates the provisions of U.S.S.G. § 2S1.1(c), which sets forth the fines applicable to organizations convicted of violating 18 U.S.C. §1956(h).

3.      Section 2S1.1(a)(2) of the Sentencing Guidelines applies to the defendant's offense conduct.  Sections 2S1.1(a)(1) and 2S1.1(b)(1) of the Sentencing Guidelines do not apply to the defendant's offense conduct. Pursuant to U.S.S.G. §2S1.1(c)(1)(D), the base fine for the defendant's offense conduct based upon its violation of 18 U.S.C. §1956(h) is 50% of the value of the funds involved in the offense.

4.      The value of the funds involved in the offense is $8,075,445.08  Fifty percent of the value of the funds involved in the offense is $4,037,772.54.

**C.** **_The Provisions of Chapter 3, Part D, of the Sentencing Guidelines, Relating to Multiple Counts of Conviction_**

1.      The two offenses to which Americable International, Inc. is pleading guilty are not "closely related counts" within the meaning of U.S.S.G. §3D1.2.  Accordingly, Counts 1 and 2 are not groupable under U.S.S.G. §3D1.2.

2.      Accordingly, the total base fine is the sum of the base fines for each offense of conviction.

3.      The total base fine is $4,947,772.54.

**D.** **_Culpability Score and Multiplier Range Under U.S.S.G. §§8C2.5 and 8C2.6_**

1.      The culpability score is governed by U.S.S.G. §8C2.5.

2.      Section 8C2.5(a) provides for a starting level of 5 points.

3.      Because Americable International, Inc., employed more than fifty persons during the commission of both offenses, and because high level personnel participated in the commission of both offenses, U.S.S.G. §8C2.5(b)(4) provides for an additional 2 points.

Appendix A, Page 3                    Assistant United States Attorney
April 5, 2002                         Attorney for Defendants
                                      Defendants

4.      Because Americable International, Inc., has clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, U.S.S.G. §8C2.5(g)(3) provides for a 1 point reduction.

5.      The total culpability score is 6.

6.      Pursuant to U.S.S.G. §8C2.6, a culpability score of 6 yields a multiplier range of between 1.20 and 2.40.

**E.      _Fine Within the Applicable Guideline Range under U.S.S.G. §§8C2.7 and 8C2.8_**

1.      The total base fine of $4,947,772.54 and the multiplier range of between 1.20 and 2.40 yields a fine range of between $5,937,267.05 and $11,874,534.10.

2.      This Office and Americable International, Inc., agree to jointly recommend a fine of $7,468,234.92 to be imposed against Americable International, Inc., such fine not to be offset by payment of any fines ordered against any other defendant.


## II.      Application of Sentencing Guidelines to Conviction of Americable International Moffett, Inc.

Pursuant to the plea agreement, Americable International Moffett, Inc., has agreed to plead guilty to conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371.

Americable International Moffett, Inc. and this Office agree that pursuant to Chapter 8 of the Sentencing Guidelines, the calculation of the fine range is a function of three sets of determinations:

a.      the offense level and base fine for the conviction for conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371;

b.      the culpability score and multiplier under U.S.S.G. §§8C2.5 and 8C2.6;

c.      the selection of a fine within the applicable guideline range under U.S.S.G. §§8C2.7 and 8C2.8.

This Office and defendant Americable International Moffett, Inc. jointly recommend that the Court find as follows with respect to these determinations.

Appendix A, Page 4                          Assistant United States Attorney
April 5, 2002                               Attorney for Defendants
                                            Defendants

**A.** *Offense Level and Base Fine for Conviction for Violating 18 U.S.C. §371 By Conspiring to Defraud the Department of Defense*

1.    This determination yields the same offense level and base fine as set forth in Section I.A. of this Appendix regarding Americable International, Inc., for its conviction for violating 18 U.S.C. §371, through conspiring to defraud the Department of Defense.

2.    The offense level for this offense of conviction is a level 21.

3.    The base fine under U.S.S.G. §8C2.4(d) for offense level 21 is $910,000.

**B.** *Culpability Score and Multiplier Range Under U.S.S.G. §§8C2.5 and 8C2.6*

1.    This determination yields the same culpability score and multiplier range as set forth in Section I.D. of this Appendix regarding Americable International, Inc., for its two offenses of conviction in this matter.

2.    The total culpability score is 6.

3..    Pursuant to U.S.S.G. §8C2.6 of the Sentencing Guidelines, a culpability score of 6 yields a multiplier range of between 1.20 and 2.40.

**C.** *Fine Within the Applicable Guideline Range under U.S.S.G. §§8C2.7 and 8C2.8*

1.    The total base fine of $910,000 and the multiplier range of between 1.20 and 2.40 yields a fine range of between $1,092,000 and $2,184,000.

2.    Because the fine range exceeds the statutory maximum fine of $500,000, the fine to be imposed is $500,000, such fine not to be offset by payment of any fines ordered against any other defendant.

### III.  Application of Sentencing Guidelines to Conviction of Americable International New York, Inc.

Pursuant to the plea agreement, Americable International New York, Inc., has agreed to plead guilty to conspiring to defraud the Department of Defense by filing false termination settlement proposals, in violation of 18 U.S.C. §371.

Appendix A, Page 5
April 5, 2002

Assistant United States Attorney *nal 4/5*
Attorney for Defendants
Defendants

Americable International New York, Inc., and this Office agree that the determination of the fine is subject to the same considerations as those that are applicable to determining the fine for Americable International Moffett, Inc. as set forth in Section II of this Appendix.

Accordingly, the fine range for the offense of conviction of Americable International New York, Inc., is between $1,092,000 and $2,184,000. Because the fine range exceeds the statutory maximum fine of $500,000, the fine to be imposed is $500,000, such fine not to be offset by payment of any fines ordered against any other defendant.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: 4/5/2002

By: _____
MICHAEL S. DAVIS
Assistant United States Attorney

Date: 5/6/02

By: _____
E.L. HOFFMAN, ESQ.
Attorney for Defendants Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc.

Date: 5/6/02

By: _____
NEAL R. SONNETT, ESQ,.
Co-Counsel for Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc

Date: 5 ___

By: _____
WILLIAM J. McCARTHY
Authorized Representative for Defendants Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc.

Assistant United States Attorney
Attorney for Defendants
Defendants

**Appendix-B to Plea Agreement
of Americable International, Inc.,
Americable International Moffett, Inc.
and Americable International New York, Inc.**

**Restitution Amounts**

       This 3-page Appendix-B to the plea agreement between the Office of the United States Attorney for the Southern District of Florida ("this Office") and Americable International, Inc., Americable International Moffett, Inc., and Americable International New York, Inc., contains the joint agreement as to the amounts that the respective victim networks were defrauded through the mail fraud that constitutes the specified unlawful activity associated with the guilty plea of Americable International, Inc., to violating 18 U.S.C. §1956(h) by conspiring to launder the proceeds of mail fraud (as set forth in Section B of the plea agreement, entitled "Offenses to Which Defendants Will Plead Guilty").

| Victim Network | Amount Defrauded |
|---|---|
| American Movie Classics | $280,713 |
| America's Talking | 18,264 |
| Arts & Entertainment | 154,549 |
| Black Entertainment T.V. | 153,045 |
| Cartoon Network | 16,708 |
| CBS Cable | 34,457 |
| CMTV | 9,403 |
| CNBC | 196,814 |
| CNBC Asia | 18,636 |
| CNN | 352,824 |
| Comedy Channel | 119,439 |
| Court T.V. | 5,877 |
| C-SPAN | 46,889 |
| Discovery | 249,883 |
| Discovery Asia | 28,433 |
| E! Entertainment | 13,438 |
| Eastern Microwave Inc. (EMI) | 28,968 |
| ESPN | 483,532 |
| ESPN International | 88,666 |

Appendix B, Page 1
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

| Victim Network | Amount Defrauded |
|---|---|
| Family (CBN) | 171,228 |
| Filipino Channel | 2,097 |
| FOX | 69,419 |
| FOX Movie | 26,090 |
| FOX News | 20,987 |
| FX Networks | 65,181 |
| Group W | 218,182 |
| History Channel | 4,124 |
| Home Team | 4,800 |
| Int'l Channel | 9,594 |
| Japan Cable Television Ltd. | 30,413 |
| Lifetime | 221,248 |
| Madison Square Garden | 37,187 |
| MSNBC | 33,171 |
| MTV | 496,519 |
| Nostalgia (NTL) | 130,875 |
| Playboy | 103,206 |
| Prime Sports | 613 |
| Sci-Fi | 8,395 |
| Sports Channel Florida | 67,148 |
| Sports Channel Cincinnati Ohio | 130 |
| Sports Channel New England | 680 |
| Sports Channel New York | 21,132 |
| Star TV | 37,214 |
| Sunshine Network | 225,447 |
| The Learning Channel | 52,771 |
| The Nashville Network | 34,438 |
| The Weather Channel TWC | 106,960 |
| Turner Classic Movies | 67,004 |
| Turner International Japan Inc. | 20,690 |
| Turner Network Television | 518,571 |

Appendix B, Page 2
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

| Victim Network | Amount Defrauded |
|---|---|
| United V | 20,551 |
| USA Network | 319,004 |
| WPLG | 5,491 |
| WTBS (Southern Satellite) | 3,622 |

**Total Restitution Owed**      **$5,454,720**

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: 4/5/2002      By: _____
MICHAEL S. DAVIS
Assistant United States Attorney

Date: 9/11/02      By: _____
E.L. HOFFMAN, ESQ.
Attorney for Defendants Americable International,
Inc., Americable International Moffett, Inc., and
Americable International New York, Inc.

Date: 5/6/02      By: _____
NEAL R. SONNETT, ESQ,.
Co-Counsel for Americable International, Inc.,
Americable International Moffett, Inc., and
Americable International New York, Inc

Date: 5-6-02      By: _____
WILLIAM J. McCARTHY
Authorized Representative for Defendants Americable
International, Inc., Americable International Moffett,
Inc., and Americable International New York, Inc.

Appendix B, Page 3
April 5, 2002

Assistant United States Attorney
Attorney for Defendants
Defendants

# Exhibit 2

Draft Preliminary Order of Forfeiture
and Proposed Order of Forfeiture

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-20912-CR-SEITZ

UNITED STATES OF AMERICA

v.

AMERICABLE INTERNATIONAL, INC.,

Defendant.

_____/

**UNITED STATES' MOTION FOR A
PRELIMINARY ORDER OF FORFEITURE AND
TO INCORPORATE PRELIMINARY ORDER OF
FORFEITURE  INTO THE ORDER OF JUDGMENT**

The United States of America moves for entry of a preliminary order of forfeiture pursuant

to 18 U.S.C. §982(a)(1), and the procedures outlined at 21 U.S.C. §853 and Rule 32.2(b)(2) of the

Federal Rules of Criminal Procedure.  The United States further moves: (1) that the Court enter

preliminary order of forfeiture before or at the time of sentencing; (2) that the Court pronounce the

forfeiture; and (3) that the Court incorporate the preliminary order of forfeiture into the Order of

Judgment.  In support of its motion, the United States submits the following points and authorities.

1.      The United States Attorney for the Southern District of Florida has charged

AMERICABLE INTERNATIONAL, INC. (hereafter also referred to as "defendant") in a two-count

information.  Count 2 of the Information charges the defendant with conspiring to violate 18 U.S.C.

§1956(a)(1)(B)(i) by laundering the proceeds of mail fraud, in violation of 18 U.S.C. §1341, such

-1-

proceeds derived from a scheme and artifice to defraud cable programming networks of subscriber fees, all in violation of 18 U.S.C. §1956(h).

2.      Pursuant to 18 U.S.C. §982(a)(1), the Information further seeks the forfeiture of the property involved in or traceable to the defendant's violation of §1956(h), including $8,075,445.08.

3.      The defendant has entered a plea of guilty to both Counts of the Information (Plea Agreement, page 2, ¶B.1.a.) and has agreed to forfeit all of its right, title and interest in $8,075,445.08 as property involved in or traceable to the defendant's violation of 18 U.S.C. §1956(h) (Plea Agreement, page 3, ¶4; page 4, ¶D.1.).

4.      The defendant has agreed to an additional condition that may increase the amount of the forfeiture. The defendant has executed the plea agreement as part of a "package deal" with its two affiliated companies and co-defendants, Americable International Moffett, Inc. and Americable International New York, Inc.  As part of the agreement, the parties have recommended the imposition of a series of fines that result in an aggregate fine from the plea agreement of $8,468,234.92. The Court's ability, however, to follow that recommendation depends upon the Court finding that the statutory maximum fines based upon the counts of conviction equal at least $8,468,234.92. The plea agreement provides that in the event that the Court finds that the aggregate statutory maximum fines based upon the counts of conviction are **less than** $8,468,234.92, then the defendant, AMERICABLE INTERNATIONAL, INC., shall forfeit to the United States pursuant to 18 U.S.C. §982(a) the difference, if any, between $8,468,234.92 and the aggregate statutory maximum fines payable by the defendants as found by the Court. The defendant shall also forfeit that sum as property involved in or traceable to its conviction for violating 18 U.S.C. §1956(h). (Plea Agreement, page 13, ¶K. 7.).

-2-

5.      Fed. R. Crim. P. 32.2(b)(1) provides in pertinent part that:

As soon as practicable after . . . accepting a plea of guilty . . . on any
count in an indictment or information with regard to which criminal
forfeiture is sought, the court shall determine what property is subject
to forfeiture under the applicable statute. If forfeiture of specific
property is sought, the court shall determine whether the government
has established the requisite nexus between the property and the
offense. . . . The court's determination may be based on evidence
already in the record, including any written plea agreement.

6.      Accordingly, given the defendant's agreement regarding forfeiture as part of its guilty

plea, this Court is authorized to find that the defendant's interest in the above-referenced property

is forfeitable to the United States pursuant to 18 U.S.C. §982(a)(1).

7.      Fed. R. Crim. P. 32.2 (b)(2) provides that once the court finds that property is subject

to forfeiture:

it shall promptly enter a preliminary order of forfeiture setting forth
the amount of any money judgment or directing the forfeiture of
specific property without regard to any third party's interest in all or
part of it. Determining whether a third party has such an interest shall
be deferred until any third party files a claim in an ancillary
proceeding under Rule 32.2(c).

8.      Fed. R. Crim. P. 32.2(b)(3) provides:

The entry of a preliminary order of forfeiture authorizes the Attorney
General (or a designee) to seize the specific property subject to
forfeiture; to conduct any discovery the court considers proper in
identifying, locating or disposing of the property; and to commence
proceedings that comply with any statutes governing third-party
rights. At sentencing – or at any time before sentencing if the
defendant consents – the order of forfeiture becomes final as to the
defendant and shall be made a part of the sentence and included in the
judgment. The court may include in the order of forfeiture conditions
reasonably necessary to preserve the property's value pending any
appeal.

9.      Title 18, United States Code, Section 982(a)(1), provides in part as follows:

> The Court, in imposing a sentence on a person convicted of an
> offense in violation of section 1956 . . . of this title, shall order that
> the person forfeit to the United States any property, real or personal,
> involved in such offense, or any property traceable to such property.

10.      Forfeiture is part of the sentencing process and, as such, forfeiture must be
pronounced at sentencing. See United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002); United
States v. Gilbert, 244 F.3d 888, 924 (11th Cir. 2001). The Preliminary Order of Forfeiture should be
incorporated, by reference, into the Order of Judgment.

11.      The proposed Order submitted in this matter provides for the forfeiture of all of the
defendant's right, title and interest in the property listed therein; for publication of notice of the
forfeiture of the same in these proceedings; permits the institution of ancillary proceedings and the
adjudication of third party petition claims if any; and  provides for the final forfeiture of the property
noted therein if no petitions are filed; all pursuant to 21 U.S.C. §853 (which is made applicable to
forfeiture proceedings under 18 U.S.C. §982(a) by 18 U.S.C. §982(b)) and Rule 32.2 of the Federal
Rules of Criminal Procedure. The proposed Order also provides for the pronouncement of forfeiture
at the sentencing of defendant and the incorporation of the Preliminary Order of Forfeiture into the
Order of Judgment.

12.      Based upon the forgoing, and the other matters of record in these proceedings, the
United States requests the entry of the attached proposed preliminary order of forfeiture pursuant to
18 U.S.C. §982(a)(1), forfeiting all of the defendant's right, title and interest in the property named
therein and providing for further proceedings as may be necessary to effect entry of a final order of
forfeiture pursuant to the procedures set forth in 21 U.S.C. §853 and Rule 32.2 of the Federal Rules

-4-

of Criminal Procedure and moves that the forfeiture be pronounced at sentencing and that the preliminary order of forfeiture be incorporated into the Order of Judgment as to the defendant.

13.    Counsel for the government has discussed this matter with counsel for the defendant, E.L. Hoffman, Esq., who does not object to the relief sought.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


By:    _____
MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY
FL BAR # 972274
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9027
(305) 530-6168 (FAX)
E-Mail: Michael.Davis2@usdoj.gov


_____
ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street - 7th Floor
Miami, Florida   33132
Telephone: (305) 961-9176
Fax: (305) 536-7599
E-Mail: Alison.Lehr@usdoj.gov

-5-

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this ___ day of November 2002 a true copy of the foregoing was mailed, faxed, or served by hand to:

E.L. Hoffman, Esq.　　　　　　　　Neal Sonnett, Esq.
Jackson Kelly PLLC　　　　　　　　One Biscayne Tower
2401 Pennsylvania Ave., N.W.　　　　2 South Biscayne Blvd.
Suite 400　　　　　　　　　　　　　Suite 2600
Washington, DC  20037　　　　　　　Miami, FL  33131-1804
(Facsimile: 202/973-0232)　　　　　　(Facsimile: 305/358-1233)


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　MICHAEL S. DAVIS
　　　　　　　　　　　　　　　　ASSISTANT UNITED STATES ATTORNEY

-6-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>02-20912-CR-SEITZ</u>

UNITED STATES OF AMERICA

v.

AMERICABLE INTERNATIONAL, INC.,

Defendant.
_____/

## <u>PRELIMINARY ORDER OF FORFEITURE</u>

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary

order of forfeiture and motion to incorporate same into the Order of Judgment.  Being fully advised

in the premises and based on the motion of the United States including its representation the counsel

for the defendant does not object to the granting of this motion, and the record in this matter and for

good cause shown, the Court finds as follows with respect to forfeiture in this action as to defendant

AMERICABLE INTERNATIONAL, INC.  (hereinafter referred to as "defendant"):

1.      In the Information in the above-styled case, the government sought forfeiture of all

property involved in the defendant's violation of 18 U.S.C. §1956(h).

2.      Defendant pled guilty to the Information, including Count 2 and in a written plea

agreement agreed to forfeit all of defendant's right, title and interest in $8,075,445.08 as property

involved in or traceable to its violation of 18 U.S.C. §1956(h), to the United States.

3.      As part of defendant's plea agreement, defendant further agreed to forfeit to the United States the difference, if any, between $8,468,234.92 and the aggregate statutory maximum fines payable by the defendant and the co-defendants, as found by the Court, to the extent that the latter is less than $8,468,234.92, as property involved in or traceable to its conviction for violating 18 U.S.C. §1956(h).

Therefore, in consideration of the plea agreement between the defendant and the United States, and upon motion of the United States and for good cause shown thereby, it is hereby:

ORDERED that

1.      All right, title and interest of defendant in $8,075,445.08 is hereby forfeited to the United States of America pursuant to 18 U.S.C. §982(a)(1).

2.      To the extent that the aggregate statutory maximum fine payable by defendant and co-defendants in this matter is less than $8,468,234.92, such amount shall also be forfeited to the United States of America pursuant to 18 U.S.C. §982(a)(1) in accordance with defendant's plea agreement, page 13, ¶K. 7.

3.      The United States Department of the Treasury, Special Agents for the Internal Revenue Service, or any duly authorized law enforcement official, shall seize and take custody of the property identified herein above as forfeited under this order pursuant to the provisions outlined at 21 U.S.C. §853(g).

4.      The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. §853(n)(6). The United

-2-

States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

5.     The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Preliminary Order of Forfeiture, in addition to the published notice.

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. §853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Department of the Treasury, the Internal Revenue Service or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

It is further ORDERED that the United States' motion to have the forfeiture pronounced at sentencing and to have the Preliminary Order of Forfeiture incorporated by reference into the Order of Judgment of defendant is hereby GRANTED.

DONE AND ORDERED at Miami, Florida this _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

cc:    AUSA Michael S. Davis
       AUSA Alison W. Lehr (3 certified copies)
       E.L. Hoffman, Esq.
       Neal Sonnett, Esq.

## <u>UNITED STATES</u> v. <u>AMERICABLE INT'L, INC., et al.</u>
## Case No. <u>02-20912-CR-SEITZ</u>

### <u>Preliminary Order of Forfeiture</u>

### <u>Service List</u>

Michael S. Davis, AUSA
9 N.E. 4th Street
Miani, FL  33132
(Facsimile: 305/536-5321)

Alison W. Lehr, AUSA
9 N.E. 4th Street
Miami, FL  33132
(Facsimile: 305/536-7599)

E.L. Hoffman, Esq.
Jackson Kelly PLLC
2401 Pennsylvania Ave., N.W., Suite 400
Washington, DC  20037
(Facsimile: 202/973-0232)

Neal R. Sonnett, Esq.
26th Floor, One Biscayne Tower
 Two South Biscayne Boulevard
Miami, Florida  33131-1804
(Facsimile: 305/358-1233)

# Exhibit 3

## Confirmation Re. Waivers of Prosecution



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9027*

October 24, 2002

By Facsimile: 202/973-0232                    By Facsimile: 305/358-1233

E.L. Hoffman, Esq.                              Neal R. Sonnett, Esq.
Jackson Kelly PLLC                              26th Floor, One Biscayne Tower
2401 Pennsylvania Ave., N.W., Suite 400         Two South Biscayne Boulevard
Washington, DC  20037                           Miami, Florida  33131-1804

            Re:    Americable International, Inc., et al.

Dear Counsel:

        Pursuant to Section K, paragraph 3, of the plea agreement in this matter, I am writing to confirm what I have previously advised you verbally regarding the waivers of prosecution contained in Section K, paragraph 3, of the plea agreement. Please be advised that the waivers of prosecution contained in Section K, paragraph 1, of the plea agreement are no longer conditioned upon the approval of other offices within the Department of Justice. Accordingly, upon your clients' entries of their guilty pleas and the Court's acceptance of them, the waivers of prosecution contained in Section K, paragraph 1, will be part of the plea agreement between the United States and your clients.

        Thank you for your attention.

                        Sincerely,

                        MARCOS DANIEL JIMENEZ
                        UNITED STATES ATTORNEY

            By:     _____
                        MICHAEL S. DAVIS
                        ASSISTANT UNITED STATES ATTORNEY

[vdkttext]

```
                        Case Selection
Dkt type: cr   Case Number: 02-20912     Division: 1




Filed         Entry Date  Last Update       History ID        Docketed by
11/5/02       11/7/02     **/**/**          5451603           sp
     +------------------------------------------------------------+
       SEALED DOCUMENT



     +viewing docket text----------------------------------+
Transaction: kseal doc -/ -/ - ~ -

 Command mode (? for commands)
```

Attached to D.E. # 11